IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ROOSEVELT LAWRENCE, | ) |
| Plaintiff, | ) ) ) ) ) |
| v. | ) CIVIL ACTION NO. 5:21-CV-73 (MTT) |
| GOVERNOR BRIAN KEMP, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

**ORDER**

After conducting a preliminary screening of Plaintiff Roosevelt Lawrence's first recast complaint (Doc. 5), United States Magistrate Judge Charles Weigle recommends the complaint be dismissed without prejudice for failure to state a claim. Doc. 12 at 4-7. Within Lawrence's objection period,[1] Lawrence filed what the Court construes to be a motion to amend his complaint.[2] *See* Doc. 15. In that motion, Lawrence seeks to add factual allegations to support his Fourteenth Amendment due process and Eighth Amendment deliberate indifference claims stemming from his segregation in a "disciplinary unit" after testing positive for Covid-19. *See generally id*. For the following reasons, the Court finds that Lawrence may amend his complaint as requested. Accordingly, that motion (Doc. 15) is **GRANTED.** Lawrence is **ORDERED** to recast his complaint to assert the factual allegations raised in his motion to amend (Doc. 15) and

---

[1] Lawrence filed a motion for extension of time to file objections (Doc. 13) which the Court granted. Doc. 14. Lawrence's objections were received within the time allowed by the Court's extension. Doc. 15 at 10.

[2] While Lawrence's motion is captioned "Written Objection Opposing Recommendation of Dismissal," Lawrence cites Rule 15 language and requests leave to amend in lieu of dismissal. Doc. 15 at 1.

shall recast his complaint within **FOURTEEN DAYS** of the date of this order.  Because Lawrence's second recast complaint will supersede the original, the Recommendation (Doc. 12) is **REJECTED.**

## I. STANDARD

Leave to amend should be "freely give[n] . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The Court "need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile."  *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  "[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal."  *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004) (internal quotation marks and citation omitted).

## II.  DISCUSSION

In this case, Lawrence only recast his complaint once in response to the Magistrate Judge's order to "refile his complaint on a standard § 1983 form."  Doc. 3 at 2.  Similarly, allowing an amendment would not prejudice the opposing parties because Lawrence's complaint has not yet been served.  Therefore, the only question is whether Lawrence's requested amendment is futile.

**A. Lawrence's Due Process Claims are Not Futile**

The Magistrate Judge recommends dismissal of Lawrence's due process claims because "[Lawrence] has not alleged any facts describing the conditions in

segregation."  Doc. 12 at 5.  "Whether an inmate has a protected liberty interest that would entitle him to due process protections 'is often a difficult determination in the context of a prison, because prisoners have *already* been deprived of their liberty in the ordinary sense of the term.'"  *Jacoby v. Baldwin Cnty.*, 835 F.3d 1338, 1346 (11th Cir. 2016) (quoting *Bass v. Perrin*, 170 F.3d 1312, 1318 (11th Cir. 1999) (emphasis in original)).  Nonetheless, "there are two circumstances in which a prisoner can be further deprived of his liberty such that due process is required."  *Bass*, 170 F.3d at 1318.  First, a prisoner is entitled to due process "when an increased restraint 'exceed[s] [his] sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force.'"  *Jacoby*, 835 F.3d at 1346 (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (alterations in original)).  Second, a prisoner is entitled to due process if a change in the prisoner's conditions of confinement "'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'"  *Id*.

The second circumstance is relevant here.  In his motion to amend, Lawrence alleges he was moved from general prison housing in "K Building" to disciplinary segregation in "J Building" after testing positive for Covid-19.  Doc. 15 at 2.  While in "J Building," Lawrence alleges he was confined to his flooded cell for twenty-four hours a day with no ventilation, no heat, and mildew and feces covering the walls for a period of nineteen continuous days.  *Id.* at 6-7.  Further, Lawrence claims he had "no access to medical or correctional officers" in the event his Covid-19 symptoms worsened.  *Id.* at 7.  While Lawrence does not directly address his previous conditions of confinement prior to being moved to disciplinary segregation, he does note "I would have faired better in

the [general] population of K building where I was originally being housed." *Id.* As alleged in his motion to amend, Lawrence states sufficient facts to survive futility review. *See Wallace v. Hamrick*, 229 F. App'x 827, 830-31 (11th Cir. 2007)  (placement in administrative segregation for twenty-eight days without hot water, adequate ventilation, or opportunity to exercise while awaiting disciplinary hearing supported due process claim).

**B. Lawrence's Deliberate Indifference Claims are Not Futile**

The Magistrate Judge recommends dismissal of Lawrence's deliberate indifference claims because "[Lawrence] has not pleaded any facts suggesting that he had a serious medical need for which Defendants failed to provide him treatment" or that "he suffered any [Covid-19] symptoms at all."  Doc. 12 at 7.  "To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry."  *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003).  A plaintiff must first "set forth evidence of an objectively serious medical need" and must also "prove that the prison official  acted with an attitude of 'deliberate indifference' to that serious medical need."  *Id.*  In other words, prison officials must both "know of and then disregard an excessive risk to the prisoner." *Dunn v. Martin*, 178 F. App'x 876, 877 (11th Cir. 2006) (per curiam).  A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Farrow*, 320 F.3d at 1243 (internal quotation marks omitted).  A "serious

medical need" may also exist when "a delay in treating the need worsens the condition." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1307 (11th Cir. 2009).

At the time of his transfer, Lawrence alleges "at least 4 men have died" in the "K Building" where he was housed.  Doc. 15 at 2.  Lawrence further alleges he was already suffering from shortness of breath, fatigue, body aches, and coughing when he was transferred from "K Building" to quarantine in "J Building."  *Id.* at 8.  While in "J Building" his respiratory symptoms worsened resulting in long-term breathing complications.  *Id.* at 5.  Nonetheless, as alleged by Lawrence, the prison staff refused to transfer him to a medical facility or provide any treatment whatsoever.  *Id.* at 7-9.  These new facts as alleged are sufficient to survive futility review.  *See Mann*, 588 F.3d at 1307.

### III. CONCLUSION

Accordingly, Lawrence's motion to amend (Doc. 15) is **GRANTED**.  Lawrence is **ORDERED** to recast his complaint to assert the factual allegations raised in his motion to amend (Doc. 15).  Lawrence shall recast his complaint within **FOURTEEN DAYS** of the date of this order.

The recast complaint must contain a caption that clearly identifies by name each individual that Lawrence has a claim against and wishes to include as a defendant in this lawsuit.  Lawrence must name only the individuals associated with the claim or related claims that he is pursuing in this action.  Lawrence must then tell the Court exactly how each individual violated his constitutional rights, including (1) what each defendant did (or failed to do) in violation of his rights; (2) when and where each action occurred; and (3) how Lawrence was injured as a result of each defendant's actions.

He should state his claims as simply as possible and should not attempt to use formal language or legalese.  Lawrence must, however, complete the entire complaint form. He may not leave any portion or paragraph without a response.

Lawrence's recast complaint **shall take the place of and supersede all allegations made in the original complaint.**  The Court will therefore consider only the factual allegations and claims contained in Lawrence's recast complaint. The Court will not consider those facts contained in Lawrence's original complaint (Doc. 1) or first recast complaint (Doc. 5).  Any fact Lawrence deems necessary to prosecute his lawsuit should be clearly stated in his recast complaint, even if Lawrence has previously alleged it in another filing.  Lawrence must also rename each defendant he wishes to sue as directed by the Court's standard § 1983 complaint form.  If Lawrence fails to link a named defendant to a specific claim, the claim will be dismissed; if Lawrence makes no allegations in the body of his complaint against a named defendant, that defendant will be dismissed.  **Lawrence shall attach no more than ten (10) additional pages to the § 1983 form.**

Lawrence shall have **FOURTEEN DAYS** from the date of this order to recast his complaint on the Court's standard § 1983 form.  While this action is pending, Lawrence shall also immediately inform the Court in writing of any change in his mailing address. Lawrence's failure to fully and timely comply with this order may result in the dismissal of his complaint.  *See Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.,* 570 F.2d 541, 544 (5th Cir. 1978)).

Because Lawrence's second recast complaint will supersede the original, the Recommendation (Doc. 12) is **REJECTED.**

**SO ORDERED**, this 18th day of November, 2021.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
