IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ROOSEVELT LAWRENCE, | : |
| Plaintiff, | : |
| VS. | : |
| | : CIV. NO. 5:21-CV-00073-MTT-CHW |
| GOVERNOR BRIAN KEMP, *et al.*, | : |
| Defendants. | : |
| _____ | : |

**ORDER AND RECOMMENDATION**

In accordance with the Court's previous orders and instructions, *pro se* Plaintiff Roosevelt Lawrence, an inmate presently incarcerated at the Wilcox State Prison in Abbeville, Georgia, has filed a Second Recast Complaint (ECF No. 18). Plaintiff also filed a motion for an extension of time to file this Second Recast Complaint (ECF No. 17). Because Plaintiff timely submitted his Second Recast Complaint, his motion for an extension of time is **DENIED as moot.** For the reasons discussed below, the following claims shall proceed for further factual development: (1) Eighth Amendment conditions-of-confinement claims against Defendants Sergeant Jackson, Roosevelt Green, Sergeant Wooten, Lieutenant King, Nurse Green, and Lashonda Lofton; (2) Eighth Amendment medical treatment claims against Defendants Sergeant Jackson, Roosevelt Green, Lieutenant King, Nurse Green, Lashonda Lofton, and Medical Director Born; and (3) procedural due process claims against Defendant Lofton. It is **RECOMMENDED**, however, that Plaintiff's remaining claims be **DISMISSED without prejudice.**

**PRELIMINARY REVIEW OF PLAINTIFF'S SECOND RECAST COMPLAINT**

      I.      <u>Standard of Review</u>

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP. Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.     Factual Allegations

The claims in Plaintiff's Second Recast Complaint, which is the operative pleading in this action, are based upon his confinement in the Wilcox State Prison ("WSP") from December 19, 2020 through January 6, 2021. 2d Recast Compl. 5, ECF No. 18; *see also Schreane v. Middlebrooks*, 522 F. App'x 845, 847 (11th Cir. 2013) (per curiam) (noting that generally, an amended complaint supersedes the original complaint unless the amended complaint specifically refers to or adopts the original complaint). According to the Second Recast Complaint, Plaintiff was placed in segregation in the J-building at WSP

on December 19, 2020 after being advised that he had tested positive for COVID-19.  2d Recast Compl. 6, ECF No. 18.  Plaintiff alleges he asked several Defendants why he was being placed in segregation rather than being taken to medical for treatment, but he did not get a satisfactory response; he also contends that he was placed in a cell with another COVID-positive inmate.  *Id.* at 6-7.  Plaintiff further alleges that the cells in J-building were typically used to discipline inmates and were in terrible condition.  Plaintiff states that his cell repeatedly flooded and was covered in mildew and feces, but he was never provided with any cleaning materials or disinfectant.  *Id.*  Plaintiff also states that the cells lacked adequate heat and ventilation.  *Id.*  Moreover, Plaintiff asserts that prison guards refused to check on them and that there was no way for the inmates in the cell to notify prison guards if they were having medical difficulties.  *Id.*  Plaintiff states that he was held in segregation for 19 days.  *Id.* at 9.

Plaintiff contends that his placement in segregation under these circumstances violated his due process rights, and he also alleges that his Eighth Amendment rights were violated due to the conditions of his cell and because he did not receive any medical treatment after he tested positive for COVID-19.  *Id.* at 9-10.  As a result of these alleged constitutional violations, Plaintiff primarily seeks declaratory relief and monetary damages.  *Id.* at 12.

### III.    Plaintiff's Claims

#### A.    Conditions-of-Confinement Claims

Plaintiff first asserts that the conditions under which he was housed while on quarantine in the "hole" violated his constitutional rights.  It is well-established that even

4

though "the Constitution does not mandate comfortable prisons," a prisoner's claim that the conditions of his confinement constitute cruel and unusual punishment may state a claim for relief under the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). To state a conditions-of-confinement claim, a prisoner must show that the deprivations he suffers are objectively and sufficiently "serious" or "extreme" so as to constitute a denial of the "minimal civilized measure of life's necessities." *Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010); *see also Brooks v. Warden*, 800 F.3d 1295, 1303-04 (11th Cir. 2015). This standard is only met when the challenged conditions pose "an unreasonable risk of serious damage to [the prisoner's] future health or safety," *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (internal quotation marks omitted), or if society "considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk," *Helling v. McKinney*, 509 U.S. 25, 36 (1993). The prisoner must also show that prison officials acted with deliberate indifference, i.e., that the officials knew that the challenged conditions posed an excessive risk to the prisoner's health or safety but disregarded them. *Swain v. Junior*, 958 F.3d 1081, 1088-89 (11th Cir. 2020).

Plaintiff contends his cell walls were "covered" in mildew and feces and that the floor flooded regularly, to the point where Plaintiff and his roommate had to "sweep" the "filthy" water out of the cell with their hands. 2d Recast Compl. 7, 9-10, ECF No. 18. Plaintiff also alleges that the cell lacked heat and adequate ventilation, which appears to have exacerbated Plaintiff's COVID symptoms. *Id.* at 7. Plaintiff contends that his symptoms became so bad that Plaintiff and his cellmate devised a system where they would

5

wake each other up if they slept too long "out of fear of possibly [dying] in our sleep from it being hard to breath[e]." *Id.*  Construed liberally, Plaintiff's Second Recast Complaint indicates that Defendants Sergeant Jackson, Roosevelt Green, Lieutenant King, Sergeant Wooten, Nurse Green, and Lashonda Lofton were all aware of the condition of Plaintiff's segregation cell and failed to act.  As the Court must take these allegations as true at this early stage, it cannot be said that Plaintiff's conditions-of-confinement claims are entirely frivolous.  These claims shall therefore proceed for further factual development against these Defendants.

> B.   Medical Treatment Claims

Plaintiff also alleges that Defendants violated his constitutional rights because they failed to provide him with any medical treatment after he tested positive for COVID-19.  Allegations that prison officials were deliberately indifferent to a prisoner's serious medical needs can give rise to a claim under the Eighth Amendment. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003).  "To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry." *Farrow*, 320 F.3d at 1243.  A plaintiff must first "set forth evidence of an objectively serious medical need" and must also "prove that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need." *Id.*  In other words, prison officials must both "know of and then disregard an excessive risk to the prisoner." *Dunn v. Martin*, 178 F. App'x 876, 877 (11th Cir. 2006) (per curiam).  For purposes of this analysis, a "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would

easily recognize the necessity for a doctor's attention." *Farrow*, 320 F.3d at 1243 (internal quotation marks omitted). A "serious medical need" may also exist when "a delay in treating the need worsens the condition." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1307 (11th Cir. 2009).

In his Second Recast Complaint, Plaintiff contends that he suffered from COVID-19 symptoms, including shortness of breath, fatigue, body aches, coughing, fever, diarrhea, and loss of taste and smell. 2d Recast Compl. 6-7, 9, ECF No. 18. Plaintiff also contends he still suffers from the lingering effects of COVID-19, including shortness of breath and difficulty thinking and concentrating. *Id.* at 9-10. Moreover, as noted above, Plaintiff's symptoms were apparently so severe that he and his cellmate believed they were in danger of dying. *See id.* at 7. Plaintiff additionally contends that he "asked every officer in [the] complaint for medical treatment and examination," but to no avail. *Id.* at 10. Again taking these allegations as true, the Court cannot conclude that these claims are necessarily frivolous. As such, Plaintiff's Eighth Amendment medical treatment claims shall proceed against each Defendant named in the Second Recast Complaint.

    C.    <u>Due Process Claims</u>

Plaintiff additionally suggests that Defendants violated his due process rights by placing him in segregation once he tested positive for COVID. It is unclear whether Plaintiff intended to raise a substantive due process claim or a procedural due process claim with respect to these allegations. To the extent Plaintiff intended to raise a substantive due process claim, he has failed to state a cognizable constitutional claim. To the extent

7

Plaintiff intended to raise a procedural due process claim, however, his claims will be permitted to proceed for further factual development.

### 1.     Procedural Due Process

It is well-settled that the Due Process Clause of the Fourteenth Amendment protects against deprivations of "life, liberty, or property without the due process of law." U.S. Const. amend. XIV. In order to establish a procedural due process claim under 42 U.S.C. § 1983, a plaintiff must generally show that a person acting under color of state law deprived him of a constitutionally protected liberty or property interest without constitutionally adequate process. *See, e.g., Foxy Lady, Inc. v. City of Atlanta*, 347 F.3d 1232, 1236 (11th Cir. 2003) (per curiam).

In this case, Plaintiff appears to allege that prison officials deprived him of "liberty" within the meaning of the Fourteenth Amendment by assigning him to segregation. "Whether an inmate has a protected liberty interest that would entitle him to due process protections 'is often a difficult determination in the context of a prison, because prisoners have <u>already</u> been deprived of their liberty in the ordinary sense of the term.'" *Jacoby v. Baldwin Cnty.*, 835 F.3d 1338, 1346 (11th Cir. 2016) (quoting *Bass v. Perrin*, 170 F.3d 1312, 1318 (11th Cir. 1999) (emphasis in original)). The Supreme Court, however, "has made clear that there are two circumstances in which a prisoner can be further deprived of his liberty such that due process is required." *Bass*, 170 F.3d at 1318. First, a prisoner is entitled to due process "when an increased restraint 'exceed[s] [his] sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force." *Jacoby*, 835 F.3d at 1346 (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)

(alterations in original)).  Second, a prisoner is entitled to due process if a change in the prisoner's conditions of confinement "'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'"  *Id.*

Plaintiff's Second Recast Complaint is devoid of any facts suggesting that Defendants took any sort of action that unexpectedly altered the terms of his imprisonment, such as revocation of good time credit.  *See, e.g., Smith v. Deemer*, 641 F. App'x 866, 867 (11th Cir. 2016) (per curiam) ("A hallmark example of action that unexpectedly alters an inmate's term of imprisonment is the revocation of good-time credit.").  Plaintiff has, however, alleged at least some facts suggesting that the conditions of his confinement in segregation imposed an atypical and significant hardship upon him, as described above.  The Court therefore cannot say, at this time, that Plaintiff's procedural due process claims are necessarily frivolous.  *See, e.g., Wallace v. Hamrick*, 229 F. App'x 827, 830-31 (11th Cir. 2007) (per curiam) (placement in administrative segregation for 28 days without hot water, adequate ventilation, or opportunity to exercise while awaiting disciplinary hearing supported due process claim because conditions may have constituted "an atypical and significant hardship 'in relation to the ordinary incidents of prison life'").  *But see Hayward v Procunier*, 629 F.2d 599, 601-02 (9th Cir. 1980) (holding that prisoners had no due process right to a hearing prior to emergency lockdown at prison that lasted five months).  It is not entirely clear from the Second Recast Complaint against whom Plaintiff intended to bring these claims, however.  Construing Plaintiff's Complaint liberally, as the Court must at this stage of the litigation, the undersigned concludes that Plaintiff's procedural due process claims may proceed against Defendant Lofton, the warden at the jail.  2d

9

Recast Compl. 4, ECF No. 18. This case "involve[s] claims relating to conditions or practices which, if they in fact do exist, would very likely be known to, or acquiesced in, by officials at a relatively high administrative level." *Duncan v. Duckworth*, 644 F.2d 653, 656 (7th Cir. 1981). Under such circumstances, the Eleventh Circuit has observed that it is reasonable for a *pro se* prisoner to name such "high ranking prison officials" who "are in a position to identify the individuals who are actually and directly responsible" for the alleged constitutional violations; even if these prison officials were not actually and directly involved, they may assert their noninvolvement and identify the responsible parties. *Brown v. Sikes*, 212 F.3d 1205, 1208-09 (11th Cir. 2000). Defendant Lofton would likely be in a position to set policy regarding any procedural due process afforded to prisoners or could identify those individuals who may have been actually and directly responsible for the alleged constitutional violation. Plaintiff's procedural due process claims will therefore be permitted to proceed against Defendant Lofton.

### 2. *Substantive Due Process*

To the extent Plaintiff contends Defendants violated his substantive due process rights, Plaintiff has failed to state a claim. "A violation of substantive due process occurs when an individual's fundamental rights are infringed, regardless of the fairness of the procedure." *Waldman v. Conway*, 871 F.3d 1283, 1292 (11th Cir. 2017). Plaintiff's Second Recast Complaint details the condition of his segregation cell and Defendants' failure to provide him with medical treatment therein; his argument would thus appear to be that Defendants violated his substantive due process rights by subjecting him to those conditions. Courts have held that when another constitutional amendment "provides an

10

explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process' must be the guide for analyzing these claims." *Graham v. Connor*, 490 U.S. 386, 395 (1989). As discussed above, Plaintiff's conditions-of-confinement and medical treatment claims arise under the Eighth Amendment. The Eighth Amendment thus provides the appropriate basis for asserting such claims and the framework for analyzing them, and Plaintiff's substantive due process claims should be dismissed.

IV.     Conclusion

In accordance with the foregoing, the following claims shall proceed for further factual development: (1) Eighth Amendment conditions-of-confinement claims against Defendants Sergeant Jackson, Roosevelt Green, Sergeant Wooten, Lieutenant King, Nurse Green, and Lashonda Lofton; (2) Eighth Amendment medical treatment claims against Defendants Sergeant Jackson, Roosevelt Green, Lieutenant King, Nurse Green, Lashonda Lofton, and Medical Director Born; and (3) procedural due process claims against Defendant Lofton. It is **RECOMMENDED**, however, that Plaintiff's remaining claims be **DISMISSED without prejudice.** Plaintiff's motion for an extension of time (ECF No. 17) is **DENIED as moot.**

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Marc T. Treadwell, Senior United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written

objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against Defendants Lashonda Lofton, Medical Director Born, Lieutenant King, Roosevelt Green, Sergeant Wooten, Sergeant Jackson, and Nurse Green, it is accordingly **ORDERED** that service be made on those Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions

as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with

his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendants (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court.  This 90-day period shall run separately as to Plaintiff and Defendants beginning on the date of filing of Defendants' answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED AND RECOMMENDED**, this 10th day of January, 2022.

<u>s/ Charles H. Weigle</u>
Charles H. Weigle
United States Magistrate Judge